IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
CANDACE SULLIVAN-BORNAC,      )
an individual,                )
                              )   No. CV 05-601-JE
         Plaintiff,           )
                              )
     v.                       )
                              )
DHL EXPRESS (USA), INC.,      )   OPINION AND ORDER
a Delaware corporation,       )
                              )
         Defendant.           )
_____)
```

Roger A. Hennagin
Roger A. Hennagin, P.C.
8 North State Street
Suite 300
Lake Oswego, OR 97034

    Attorney for Plaintiff

Richard R. Meneghello
Heidi Guettler
Fisher & Phillips, LLP
111 SW Fifth Avenue
Portland, OR

    Attorneys for Defendant

**JELDERKS, Magistrate Judge:**

    Plaintiff Candace Sullivan-Bornac brings this Title VII action against defendant DHL Express ("DHL"). Plaintiff alleges

1 - OPINION AND ORDER

age and gender discrimination motivated DHL's failure to promote Sullivan-Bornac and her subsequent termination. For the reasons that follow, DHL's Motion for Summary Judgment (# 22) is denied.

## DISCUSSION

As the parties are familiar with the facts and the standards for granting summary judgment, I will not repeat them here.

### I. Failure to Promote Claim

Sullivan-Bornac contends she was denied a promotion to the position of Major Accounts Executive ("MAE") because of her age (over 40) and her gender.

Plaintiff may establish a prima facie case of discrimination by producing evidence from which a jury could find that she (1) belongs to a protected class, (2) applied for and was qualified for the position sought, (3) was not hired, and (4) that DHL continued to seek applicants for the position with qualifications similar to those of the plaintiff. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Sullivan-Bornac has established her prima facie case. Although DHL disputes whether Sullivan-Bornac was qualified for the MAE position, her performance during nearly two decades as an account executive with DHL is sufficient to make this a jury question. The threshold is "not onerous." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). Nor, at this stage of the inquiry, is Plaintiff required to show that she was the most qualified applicant for the position.

Since Sullivan-Bornac has established a prima facie case, the burden shifts to DHL to proffer a legitimate, non-discriminatory reason for denying her the promotion. McDonnell

2 - OPINION AND ORDER

Douglas, 411 U.S. at 802.  The company has done so.  Consequently, to survive summary judgment, Plaintiff must proffer evidence from which a jury could find that DHL's explanation is actually a pretext for unlawful discrimination.  Id. at 804.

There is evidence that Plaintiff's performance overall was very good, that she was one of the most experienced salespeople in DHL's Portland office and was well-liked by customers.  DHL's pre-merger manager had planned to promote Plaintiff to the MAE position.  DHL argues that a newly adopted sales philosophy placed greater emphasis on acquiring new business.  However, when Linstroth was hired for the MAE position, he was given many of Plaintiff's existing accounts.

The person DHL hired for the position was a male in his twenties whom, a jury could find, did not meet the stated qualifications for the MAE position.  In the process, DHL passed over two very experienced and seemingly qualified female account executives, both of whom were over age 40.

There also is evidence from which a jury might find that the post-merger management team at DHL treated female employees less favorably than male employees, refusing to return their calls, being very critical, and otherwise implying they were no longer welcome.  There also is some evidence, including remarks, from which a jury might conclude that the new management team desired to replace older employees with younger ones.  Within months after new management took charge, the long-term female employees in the sales office were all gone, replaced by younger, mostly male employees.

3 - OPINION AND ORDER

## II. Termination Claim

It is undisputed that Plaintiff was fired from her job of nearly 20 years and replaced by a 27-year old man. DHL insists Plaintiff was discharged for padding her Weekly Activity Reports (WAR) with fictitious sales calls.

However, there is some evidence from which a jury could infer that DHL managers Doug Graybeal and Tony Martin encouraged subordinates to falsify WAR reports to make it appear the sales force was meeting targets established by higher management. This would reflect favorably upon Martin and Graybeal, at least in the short run. There is evidence that employees who turned in a report showing less than the required 25 sales calls per week were offered an opportunity to revise that report, a practice that could be viewed as purposely facilitating falsification.

There are statements that Martin personally instructed Cindy Jacques to add fictitious sales calls to the WAR report of Linstroth, including one incident on the very day Martin confronted Plaintiff about irregularities in her report. If credited by the jury, this testimony could suggest that Plaintiff was acting in accordance with her instructions or at least was understandably confused.

Linstroth claims he resigned from DHL because he was uncomfortable with falsifications by management. DHL strongly denies these allegations, and claims it terminated employees caught falsifying WAR reports, but the latter also is in dispute. There also is evidence that older female employees were singled out for investigation and termination, and some contemporaneous statements that might be construed as evidencing age or gender

4 - OPINION AND ORDER

bias by key persons involved in the decision to terminate Plaintiff.  Among these statements is one allegedly made to Plaintiff during the investigation and termination.[1]

The evidence favoring Plaintiff does not appear particularly strong, but it is sufficient to survive summary judgment. Viewing the evidence in the light most favorable to Plaintiff, and drawing all reasonable inferences in her favor, a reasonable jury could conclude that the decision to terminate Plaintiff's employment was motivated by unlawful discrimination.

## CONCLUSION

DHL's Motion for Summary Judgment (# 22) is denied.

IT IS SO ORDERED.

DATED this 13th day of April, 2006.


/s/ John Jelderks
_____
John Jelderks
United States Magistrate Judge

---

[1]  While DHL is correct that "stray remarks" do not in themselves establish discrimination, this argument assumes the statements at issue are properly categorized as "stray remarks." In addition, remarks combined with other evidence of pretext can create factual issues appropriate for a jury to decide.

5 - OPINION AND ORDER